BURGESS & FOSTER v. GEO. F. HARRIS & CO.

*Principal and Agent.   Ratification of Acts of Agent.*

The defendants' agent pledged their credit to the plaintiffs for goods to be delivered to K., their subcontractor. The defendants agreed to pay therefore if they had sufficient funds in their hands belonging to K., which they had. K. examined his account with the plaintiffs at the defendants' request, and the defendants delivered a statement thereof to said agent, who proceeded to pay a part of the account. *Held*, that, although said agent might have exceeded his authority, the defendants had adopted and ratified his act, and were bound by his promise.

GENERAL ASSUMPSIT. The case was referred, and the referee reported the following facts. The plaintiffs were grocers at St. Albans. The defendants were railroad contractors, and contracted to build the Missisquoi Railroad from St. Albans to Richford, and had sublet the building of a portion thereof to one King. In May, 1871, King told Burgess he was going back to work on his job, and should want goods from plaintiffs' store, but did not want to draw orders therefor on the store, but wanted the plaintiffs to render monthly statements thereof to the defendants, for payment, which Burgess agreed to. Burgess saw Richardson, the defendants' paymaster, and told him what King wanted, and he said that would be satisfactory to the defendants. Richardson's business was, to pay all bills to the defendants' workmen, and pay other bills only by direction of the defendants ; and he had previously paid bills to the plaintiffs, and to Shattuck & Stranahan, by direction of Hicks, one of the defendants. The plaintiffs had no knowledge of any limitation of Richardson's authority to contract debts on the defendants' account, but believed, from their previous dealings with him and the defendants, that he had full authority in that behalf. On the 30th of said May, Richardson gave King a letter, addressed to the defendants and said Shattuck & Stranahan, of the the tenor following : " If L. D. King wants any goods, let him have them ; we will see it paid every 15th. Geo. F. Harris & Co., by Richardson." The plaintiffs, relying on said letter and the credit of the defendants, let King have goods at divers time, amounting in all to $1364.68, and charged them to King at

his request, and for his convenience in settling with the defendants. Afterwards, Richardson, at Hicks's request, delivered the defendants' note for $800 to the plaintiffs, directing them to apply $600 of it on King's account, and $200 on Chadwick's account, hereafter mentioned, which the plaintiffs did; and Richardson upon that occasion, looked over both said accounts, and said that was all they could pay then. Before this, the plaintiffs had rendered King's account to the defendants. It was understood between Hicks and Richardson, that if the defendants had sufficient funds in their hands belonging to King, they would pay his account to the plaintiffs. Hicks requested King to look over his account with the plaintiffs; because the defendants did not want to pay the account, and then have trouble in settling with King. Accordingly, King looked over said account, agreed with the plaintiffs upon the amount thereof, and, at Hicks's request, gave the amount to Richardson. The defendants had funds in their hands belonging to King, sufficient to pay his account, which they afterwards paid to him. King was poor, and the plaintiffs would not have sold the goods on his credit.

Said Chadwick was a subcontractor under the defendants, and had bought goods of the plaintiffs; and when Chadwick and the defendants settled, Hicks requested him to get a statement of his account with the plaintiffs, which he did, and the defendants retained the amount thereof in their hands, and agreed with Chadwick to pay the same to the plaintiffs, which they never did, but retained the money in their own hands. The referee allowed the balance due on both of said accounts, subject to the opinion of the court on the facts found. The court, at the April term, 1874, ROYCE, J., presiding, rendered judgment on the report for the plaintiffs. Exceptions by the defendants.

*Noble & Smith* and *Bryant Hall*, for the defendants.

*Davis & Adams*, for the plaintiffs.

The acts of an agent clothed with apparent authority, bind his principal. *Beecher* v. *Grand Trunk Railway Co.*, 43 Vt. 133; 1 Am. Lead. Cas. 689; *Pickering* v. *Busk*, 15 East, 38. These

acts of defendants show that they considered themselves holden to pay the claim, and amount to a ratification of the agency of Richardson. *Walch et als.* v. *Pierce,* 12 Vt. 130 ; *Bigelow et als.* v. *Denison,* 23 Vt. 564. The promise made by Richardson as defendants' agent, was an original undertaking, and not within the Statute of Frauds. King was irresponsible, and plaintiffs gave no credit to him—they relied solely upon the credit of the defendants. *Hodges* v. *Hall,* 29 Vt. 209 ; *Bushee* v. *Allen,* 31 Vt. 631.

A fund sufficient in amount was left by Chadwick in the defendants' hands for the express purpose of paying this account. This sum the defendants promised Chadwick to pay to the plaintiffs. This promise was sufficient to support an action in plaintiffs' name against the defendants. *Hall* v. *Marston,* 17 Mass. 575 ; *Mullen, admr.* v. *Whipple,* 1 Gray, 317 ; *Del. & H. Canal Co.* v. *The Westchester County Bank,* 4 Denio, 97 ; *Ellwood* v. *Monk,* 5 Wend. 235.

The opinion of the court was delivered by

REDFIELD, J. The defendants were railroad contractors, and *sublet* a section to L. D. King. King was irresponsible. The plaintiffs delivered goods to King upon the defendants' credit, which was pledged in writing by Richardson, the defendants' paymaster and agent for certain purposes. It is not found that Richardson had express authority to bind the defendants in this matter; but the referee states the facts and circumstances connected with the transaction. Richardson was the defendants' paymaster. King was poor. The defendants had sublet a section of the railroad, and a portion of their job, to King. The means for paying the laborers, and for the supplies, was, from the nature of the contract and the relation of the parties, to be supplied by the defendants. Richardson, in behalf of the defendants, had paid the plaintiffs and others for such supplies The plaintiffs had, as agreed with Richardson, furnished the defendants every month, a schedule of the supplies delivered to King, which was not only notice of the amount furnished, but also that payment was expected from the defendants. The case also finds that the defendants di-

rected King to examine the plaintiffs' account of the supplies furnished, which he did, and reported that it was right; whereupon the defendants passed the account to their paymaster, Richardson, as a matter pertaining to *his business.* The report states that the plaintiffs believed Richardson had authority to pledge the credit of the defendants, and relied solely on such credit. The referee does not state that the plaintiffs had *good reason* to believe that Richardson had authority to bind the defendants in this matter; yet, considering the relation of Richardson to the defendants, and that subletting a section of the road was but another agency whereby to peform their own contract, and that a subcontractor without means and without credit, could avail nothing, unless supplied and supported by the defendants as he progressed with the work, we think it not a strained construction of the evidence, to have found that Richardson was clothed with such *apparent* authority in the premises as to bind the defendants to pay for supplies furnished King in the due course of business, to enable him to perform his contract. But this would be an inference of fact rather than of law, and a matter for the *referee* rather than the court.

But the referee states that the defendants agreed to pay for such supplies, if they had sufficient funds belonging to King to enable them to do so, and that they had ample funds. Also, that after King had inspected the accounts at defendants' request, they delivered said accounts to Richardson, who proceeded to pay $600 upon the plaintiffs' claim. We think the defendants (if there were doubt whether Richardson may not have exceeded the limits of his agency) have, by their subsequent acts, adopted and ratified the promise of Richardson. It is not questioned in argument, that the funds left with the defendants for the plaintiffs by Chadwick, may be recovered in this action.

Judgment affirmed.